IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALIRIO SILVA-MONTOYA,
        Petitioner,

vs.                                          Case No. 3:10cv488/RV/EMT

DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
NATURALIZATION SERVICES
        Respondent.

---

## REPORT AND RECOMMENDATION

This case is before the court upon Respondents'[1] motion to dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 18).  Petitioner has not filed a response to the motion, despite having been directed to do so, and having been warned that failure to comply with an order of the court would result in a recommendation of dismissal of this action (*see* doc. 19). Although this non-compliance enough would be sufficient to warrant dismissal of the petition, the court will briefly set forth the reason that the case is otherwise subject to dismissal and engage in a brief discussion of the merits of the claim.

Petitioner was convicted of illegal re-entry into the United States of a previously deported alien and sentenced to 24 months incarceration on April 2, 2010.  (*See* Case 3:09cr111/RV, docs. 26, 27).  He filed the instant petition for writ of habeas corpus on November 29, 2010 (doc. 1).  The Eleventh Circuit affirmed his conviction and sentence on March 10, 2011 (*id.* doc. 57).  He is

---

[1] By separate order the court noted that only one Respondent remains, the Department of Homeland Security, Immigration and Naturalization Services (*see* doc. 19).  The Motion to Dismiss, however, was filed on behalf of the Respondents originally named by Petitioner.

Case 3:10-cv-00488-RV-EMT   Document 21   Filed 08/08/11   Page 2 of 3

Page 2 of  3

currently incarcerated by the U.S. Bureau of Prisons at the Gilmer Federal Correctional Institution ("FCI Gilder") in Glenville, West Virginia.

In the instant petition, Petitioner lists the Department of Homeland Security and Immigration and Naturalization Services (and its filing clerk) as respondents.  He raises two claims.  First, he asserts that he qualifies for naturalization under 42 U.S.C. § 2000A-3-(2)(a) and § 2000a6 because he has fathered five children who are U.S. citizens by birth (*see* case 3:09cr111/RV, doc. 29 at 19). He also claims that he was unlawfully deported prior to the conviction for which he is currently incarcerated (doc. 1 at 3–4).  Respondents now move to dismiss the petition.

Although Respondents raise several arguments,[2] the single challenge that defeats the petition is their argument that Petitioner cannot attack his final order of removal in district court.  The REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005) strips district courts of habeas corpus jurisdiction over orders of removal.   Title 8 U.S.C. §§ 1252(a)(5) and (b)(9) provide respectively that a petition for review filed in the appropriate court of appeals is the "sole and exclusive means for judicial review of an order of removal" and that no other jurisdiction shall lie by habeas corpus or otherwise.  8 U.S.C. § 1252(a)(5) and (b)(9).  The only exceptions to this, presented in 8 U.S.C. § 1252(e), allow a court to determine whether a petitioner is an alien, whether a petitioner was ordered removed, and whether a petitioner can prove by a preponderance of the evidence that he is an alien lawfully admitted for permanent residence, that he has been admitted as a refugee, or that he has been granted asylum.  8 U.S.C. § 1252(e).  None of these exceptions are relevant to the instant petition.  Thus, to the extent the petition challenges the removal order, this court lacks the jurisdiction to hear it and it must be dismissed.  Although Petitioner does not specifically state that he "challenges his removal order" in precisely those words, it is clear from the petition that this is his intent.  His assertions (i.e., that he qualifies for naturalization and that the basis for the pending

---

2  Respondents also assert that the petition is "moot" because Petitioner is not in the custody of the Department of Homeland Security at this time.  *See* Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006) (*citing* Soliman v. United States ex rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002)).  They maintain that they are not the proper respondents because the warden of the institution where Petitioner is incarcerated is the proper respondent, *see* Rumsfeld v. Padilla, 542 U.S. 26, 435, 439 (2004), and that no relief can be afforded against that individual because the court lacks personal jurisdiction over him.  They also claim that the case was not filed in the proper venue, and that pursuant to 28 U.S.C. § 1406(a) it should be dismissed.  *See* Kapordelis v. Danzig, 387 Fed. Appx. 905 (11th Cir. 2010).

removal order is a previous unlawful deportation) each by their very nature challenge the validity of the order of removal.  Furthermore, the relief he requests, temporary residential status with the opportunity to apply for citizenship, and a "pardon," makes it abundantly clear that it is the removal order that is under attack.

Accordingly it is respectfully **RECOMMENDED**:

That Respondents' motion to dismiss (doc. 18) be **GRANTED** and the petition for writ of habeas corpus under § 2241 (doc. 1) be **dismissed**.

At Pensacola, Florida this 8th day of August, 2011.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**